UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTEN CAMPBELL, AS PARENT
AND NATURAL GUARDIAN OF A.C.,
A MINOR,

    Plaintiff,

v.                                           Case No: 6:17-cv-1036-Orl-TBS

RENE BRIERE,

    Defendant.
_____

DAN CAMPBELL,

    Plaintiff,

v.                                           Case No: 6:17-cv-1105-Orl-TBS

RENE BRIERE,

    Defendant.
_____

JUSTIN CAMPBELL,

    Plaintiff,

v.                                           Case No: 6:17-cv-1106-Orl-TBS

RENE BRIERE,

    Defendant.
_____

## ORDER[1]

This case comes before the Court without a hearing on the First Motion *in Limine*,

---

[1] On September 6, 2017, the parties consented to proceed before a United States Magistrate Judge (Doc. 23). The case was referred to me by an Order of Reference the next day (Doc. 24).

filed by Plaintiff Kristen Campbell, as parent and natural guardian of A.C., a minor (Doc. 50). The standards for a motion *in limine* are well summarized in In re: Seroquel Products Liability Litigation, Case No. 6:06-md-1769-Orl-22DAB, 2009 U.S. Dist. LEXIS 124798, at *275-78 (M.D. Fla. Jan. 30, 2009):

> A motion *in limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Stewart v. Hooters of America, Inc., Civ. No. 8:04-cv-40-T-17-MAP, 2007 U.S. Dist. LEXIS 44053, 2007 WL 1752843, *1 (M.D. Fla. 2007). "The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude *evidence in limine* only when evidence is clearly inadmissible on all potential grounds." Id. (citing Luce v. United States, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L.Ed.2d 443 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials).
>
> Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. See generally 21 Charles A. Wright & Kenneth W. Graham, Jr., FEDERAL PRACTICE AND PROCEDURE 5042 (1977 & Supp. 1993). It is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. Bowden ex rel. Bowden v. Wal-Mart Stores, Inc., Case No. Civ. A 99-D-880-E, 2001 U.S. Dist. LEXIS 7213, 2001 WL 617521, *1 (M.D. Ala. Feb. 20, 2001) (citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975)).
>
> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. Bowden, 2001 U.S. Dist. LEXIS 7213, 2001 WL 617521 at *1 (citing Plair v. E.J. Brach & Sons, Inc., 864 F. Supp. 67, 69 (N.D. Ill. 1994)). At trial, the court may alter its *limine* ruling based on developments at trial or on its sound judicial discretion. Luce v. United States, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L.Ed.2d 443 (1984). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." Hawthorne Partners v. AT&T Tech., 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Instead, denial of the

motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. United States v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989). The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*. Id. A ruling *in limine* does not "relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial." Thweatt v. Ontko, 814 F.2d 1466, 1470 (10th Cir. 1987).

Evidence may be excluded when the probative value is outweighed by its prejudice. Under Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. Rule 403 permits a district court to exclude relevant evidence only when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Rule 403 is "an extraordinary remedy" whose "major function … is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

As further explained by In re: Seroquel's progeny:

A motion *in limine* is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 U.S. Dist. LEXIS 124798, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual [*4] proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine.*" Id.

Connectus LLC v. Ampush Media, Inc., Case No. 8:15-cv-2778-T-33JSS, 2017 U.S. Dist. LEXIS 92941, at *3-4 (M.D. Fla. June 16, 2017); see Zurich Am. Ins. Co. v. European Tile & Floors, Inc., Case No. 8:16-cv-729, 2017 U.S. Dist. LEXIS 86475, at *2-3 (M.D. Fla. June 6, 2017); Peeler v. KVH Indus., Case No. 8:12-cv-1584-T-33MAP, 2014 U.S. Dist. LEXIS 4618, at *5-6 (M.D. Fla. Jan. 13, 2014).

Plaintiff's motion appears to be a non-case-specific form developed for use in the Florida state courts. Plaintiff has not cited any federal law in support of the relief requested. Consequently, the motion is deficient. See M.D. Fla. Rule 3.01(a).

Plaintiff has also failed to comply with M.D. Fla. Rule 3.01(g) before filing the motion. By local rule, before most motions are filed, counsel are required to meet and confer, and the attorney filing the motion must certify that this occurred, and the result of the meet and confer. Plaintiff has done neither.

For these reasons, Plaintiff's motion *in limine* is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 13, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties